[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2012
JOHN LEY
CLERK

No. 11-11553
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00042-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ALAN REAID,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 2, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Michael Reaid appeals the substantive reasonableness of his 97-month sentence, imposed within the applicable guideline range, after pleading guilty to one count of receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).  On appeal, Reaid argues his sentence is substantively unreasonable because it was calculated pursuant to U.S.S.G. § 2G2.2.  He claims the enhancements to § 2G2.2 are unsupported by empirical data and result in irrational sentences, and § 2G2.2 is thus fundamentally incompatible with the sentencing requirements and purposes under18 U.S.C. § 3553(a).  After review, we affirm Reaid's sentence.[1]

Reaid's 97-month sentence is substantively reasonable. We have previously held that § 2G2.2 adequately takes into account empirical data and national experience.  *See United States v. Pugh*, 515 F.3d 1179, 1201 n.15 (11th Cir. 2008). We also noted the child pornography guidelines reflect Congress's "longstanding concern for recidivism in [child pornography] cases." *Id.*  Moreover, Reaid's sentence is reasonable in light of the § 3553(a) factors and the totality of the circumstances.  The district court stated that it had considered the § 3553(a) factors, *see United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007), and the

_____

[1]  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 128 S. Ct. 586, 591 (2007).

court noted that the sentence reflected the seriousness of the offense and the need for adequate deterrence. The court also imposed a sentence at the bottom of the guideline range based on Reaid's arguments in mitigation. Reaid has not met his burden to show an abuse of discretion.

**AFFIRMED.**